UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/10
```

SWISS SKIES AG,

                Plaintiff,

-v-

AIR LUXOR, S.A.,

                Defendant.

No. 04 Civ. 9972 (RJS) (KNF)

ORDER ADOPTING REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Swiss Skies AG ("Swiss Skies") commenced the instant action against Defendant Air Luxor, S.A. ("Air Luxor") on December 17, 2004, seeking (1) an order to compel arbitration before the American Arbitration Association ("AAA"), (2) a preliminary injunction in aid of arbitration, and (3) costs, including attorneys' fees. On February 9, 2005, the Honorable Michael B. Mukasey, District Judge, denied Plaintiff's motion for a preliminary injunction barring Defendant from operating air service between Paris and Kabul and ordered the parties to proceed to arbitration.[1] At a conference on November 3, 2005, Judge Mukasey permitted Defendant's counsel to withdraw as counsel of record. Due to Defendant's failure to comply with a court order to obtain replacement counsel, a default judgment was entered on February 10, 2009, and the case was referred to the Honorable Kevin Nathaniel Fox for an inquest after default. On August 13, 2010, Judge Fox issued a Report and Recommendation ("Report") recommending that Plaintiff be awarded $72,672 in attorneys' fees and $1,305.56 in costs. The

---

[1] This case was reassigned from the Honorable Michael B. Mukasey, District Judge, to the Honorable Kenneth M. Karas, District Judge, on February 6, 2007. This case was reassigned for a second time from Judge Karas to the undersigned on September 4, 2007.

Report allowed the parties fourteen (14) days to file written objections (Report at 13-14). No objections were filed.

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). Where a petitioner fails to file any objection to the Report and Recommendation, the petitioner generally waives any right to further judicial review. *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

Given that there were no objections made to the Report, the Court has reviewed the Report for clear error and adopts it in its entirety. For the reasons set forth therein, Plaintiff is awarded $72,672 in attorneys' fees and $1,305.56 in costs. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:  September 7, 2010
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE